# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| Brook-Hollow Capital, LLC, | Court File No.: 24-cv-466 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Garcia Law Group, PLLC and Maria L. Garcia, | |
| Defendants. | |

Plaintiff Brook-Hollow Capital, LLC ("**Plaintiff**" or "**BHC**"), for its Complaint against Defendants Garcia Law Group, PLLC ("**GLG**") and Maria L. Garcia ("**Garcia**") (collectively, "**Defendants**"), states and alleges as follows:

## A. INTRODUCTION

1. By this action BHC is seeking to collect on loans that it made to GLG which were guaranteed by Garcia. GLG has defaulted on its obligations to BHC thus triggering BHC's right to collect interest at a default rate as detailed in the Master Loan and Security Agreement ("**MLSA**") associated with each loan.

2. The principal amount due to BHC by Defendants is $3,224,651.97. The interest due, at a default rate, and guaranteed by Garcia, totals $2,405,101.47 as of September 30, 2024 with per diem of $1,041.70, for a total of $5,629,753.44.

9309730v3

## B. PARTIES

3. BHC is a Delaware limited liability company and is registered as a foreign limited liability company with its principal address located at 415 S Florida Blanca, Pensacola, FL 32502.[1] BHC has five members, that maintain full residency and citizenship in Florida, Minnesota, Illinois, and Delaware. BHC is in the business of making loans to lawyers, particularly contingent fee lawyers involved in personal injury, mass tort, and class action litigations.

4. Garcia is an attorney who resides at 1909 El Mileno Drive, Palmhurst, TX 78573

5. GLG is a Texas professional corporation, associated with Garcia, and has its office located at 3700 N. 10th St., McAllen, TX 78501.

## C. JURISDICTION AND VENUE

6. Venue is proper in the U.S. District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1).

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity between BHC and the Defendants and the amount in controversy exceeds $75,000.

8. BHC's members are not citizens of Texas, thus confirming diversity requirements.

## D. SUMMARY OF RELEVANT FACTS

9. BHC makes loans which require the monthly payment of interest which is typically invoiced on a quarterly basis. The principal balance then also becomes due at a date certain in the future. Each loan is documented with a MLSA, personal guarantees and other documentation.

10. The MLSA for each loan sets forth terms for that particular loan. The MLSAs pertinent hereto, and their original amounts, are as follows:

---

[1] BHC formerly maintained an office at 161 N. Clark, Ste. 2925, Chicago, IL 60601.

      a.  $1,000,000.00    February 23, 2017    "**Loan BH2017**" (**Exhibit A**)

      b.  $2,224,651.97    December 28, 2018    "**Loan BH2018**" (**Exhibit B**)

      **Total: $3,224,651.97**

11.    Loan BH2017 called for interest to be due on February 28, 2020. at which time the principal also became due. Interest accrued at the rate of fifteen percent (15%). Default interest was agreed to be eighteen percent (18%). Defendants defaulted as to each principal and interest on Loan BH2017 as of March 1, 2020.

12.    Loan BH2018 called for interest to be paid quarterly through May 15, 2038. Interest accrued at the rate of four percent (4%). The default interest rate was agreed to be nine percent (9%). Principal for Loan BH2018 is due as follows:

> November 15, 2033 - 4% of the outstanding principal amount,
> November 15, 2034 -4% of the outstanding principal amount,
> November 15, 2035 -4% of the outstanding principal amount,
> November 15, 2036 -4% of the outstanding principal amount,
> November 15, 2037 -4% of the outstanding principal amount, and
> November 15, 2038 - 100% of the then outstanding principal amount.

13.    Defendants defaulted on Loan BH2018 on May 1, 2019.

14.    Pursuant to its contractual rights, BHC hereby accelerates the due date of the principal balance of Loan BH2018 and demands the balance due. Principal and interest on Loan 2017 are already due.

15.    The defined Events of Default per each MLSA include the following, "Should Borrower fail to make any payment to Lender when due of principal, interest, fees, or other amounts provided in this Agreement."

16.    In addition to the foregoing, the MLSAs provide that BHC is granted a security interest in certain of GLG's assets and that BHC is entitled to financial information as requested. For example, Exhibit A provides:

9309730v3

> **Examination.** To the extent permitted under applicable ethical rules governing the conduct of law firms and legal practitioners, permit Lender to examine, audit and copy Borrower's books, records, ledgers, computer files and programs at all reasonable times, and answer all questions and inquiries, and provide Lender with such additional documentation as Lender may request.
> **Financial Condition.** Promptly inform Lender in writing of (a) all material adverse change in Borrower's financial condition, and (b) the assertion of any claim or complaint against Borrower, or any of its attorney owners or employees, which could materially affect Borrower's financial condition.
> **Financial Information.** Provide Lender with such financial information and statements, reports, aging of receivables and payables, budgets, forecasts, and such other reports with respect to Borrower's business operations, at such times, and at such intervals and in such detail as Lender may request. Borrower additionally shall provide Lender, as soon as possible, but no later than one hundred twenty (120) days after the end of each fiscal year, with copies of Borrower's federal, state, and local tax returns.
> **Financial Records.** Maintain financial and accounting records in accordance with general accepted accounting principles (unless Lender otherwise agrees in writing to some other standard). If and when requested by Lender, Borrower shall provide Lender with financial statements in form and containing such information as Lender may require within its sole discretion.

(the "**Financial Information**").

17. The collateral for the loans made to GLG is described as "All accounts, general intangibles, payment intangibles, and all similar rights that Borrower may have of every nature and kind, including specifically and without limitation, all of Borrower's rights to receive payment or otherwise, for legal and other services rendered and to be rendered." (the "**Collateral**").

18. Although demanded, Defendants have failed to provide Financial Information to BHC. Each MLSA provides that, "Lender may file suit against Borrower seeking specific performance of Borrower's agreements, covenants, and obligations in favor of Lender." Accordingly, per each respective MLSA, BHC is entitled to specific performance with respect to obtaining pertinent Financial Information.

4

19. The defined Events of Default per each MLSA further include "Other Defaults. Should Borrower or any Guarantor fail to comply with or perform under any term or condition of this Agreement or any Related Document."

20. Accordingly, Defendants' failure to provide Financial Information to BHC constitutes a default of the MLSAs.

21. A summary of the balance due to BHC is as follows:

|  | **Interest 9/30/24** | **Principal Due** |  | **Total Due** |
|---|---|---|---|---|
| **Loan BH2018** | $ 1,115,800.10 | 2,224,651.97 | $ | 3,340,452.07 |
| **Loan BH2017** | $ 1,289,301.37 | 1,000,000.00 | $ | 2,289,301.37 |
| *Default Total* | *$ 2,405,101.47* | *$3,224,651.97* | *$* | *5,629,753.44* |

22. All of the obligations of GLG have been guaranteed by Garcia. The guarantees are attached hereto as **Exhibit C**.

23. GLG and Garcia are also obligated to pay BHC's costs of collection including attorney's fees.

24. Garcia executed a "direction to pay" ("**DTP**") letter on October 21, 2021 which assigned attorney's fees due to Garcia for referrals that it made to another Texas attorney. The DTP is attached hereto as **Exhibit D**. This led to de facto forbearance on the part of BHC. However, Garcia reneged on the DTP by affirmatively acting to frustrate the DTP.

25. From the date of default on February 1, 2020 to present, BHC made significant efforts to obtain payment from Defendants, including extensive communications with counsel for Defendants.

26. Despite these repeated demands for payment, Defendants have failed and refused to pay in accordance with the MLSAs and the DTP.

5

27. As a result of Defendants' failure to remit payment, there remains an unpaid, overdue balance of $5,629,753.44.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiff incorporates by reference all preceding paragraphs herein.

29. The MLSAs are fully integrated and enforceable agreements between Plaintiff and GLG.

30. Plaintiff fully performed its obligations by making the loans detailed in each MLSA.

31. GLG has breached each contract without justification by, among other things, failing to pay BHC's principal and interest when due and owing under the express terms of each MLSA .

32. As a direct and proximate result of the aforementioned breaches, BHC has been damaged as described in this Complaint.

33. Pursuant to the MLSAs, Plaintiff is entitled to recover its attorneys' fees and costs incurred herein.

9309730v3

## COUNT II
## UNJUST ENRICHMENT

34. Plaintiff incorporates by reference all preceding paragraphs herein.

35. Insofar GLG received advances under the terms of the MLSAs, Defendants received a benefit.

36. Insofar as Defendants have not complied with the repayment terms set forth by the agreements detailed herein, they have been unjustly enriched through September 30, 2024 at the Plaintiff's expense in the principal amount of $3,224,651.97, the accrued interest amount of $2,405,101.47, and the amounts expended by Plaintiff in attorneys' fees and costs incurred herein.

37. To allow GLG to retain the amounts owed to BHC under the MLSAs would violate principles of equity and good conscience.

## COUNT III
## GUARANTY LIABILITY

38. Plaintiff incorporates by reference all preceding paragraphs herein.

39. Garcia guaranteed the obligations of the GLG.

40. As such, pursuant to the guarantees, Garcia is indebted to Plaintiff in the amount of $5,629,753.44 as of September 30, 2024, together with accrued default interest.  Plaintiff is further entitled to a judgment in that amount together with costs and attorney's fees.

## COUNT IV
## SPECIFIC PERFORMANCE

41. Plaintiff incorporates by reference all preceding paragraphs herein.

42. Pursuant to each MLSA, BHC is entitled to collect Financial Information from GLG.

43. The parties have agreed in each MLSA that BHC is entitled to specific performance with respect to GLG's obligations related to Financial Information.

9309730v3

44. Plaintiff is entitled to an order of this Court directing Defendants to provide unfettered access to the Financial Information and to deliver the same.

## COUNT V
## DECLARATORY JUDGMENT

45. Plaintiff incorporates by reference all preceding paragraphs herein.

46. Plaintiff is entitled to a judgment of this Court determining that the accounts receivable and other rights to payment of GLG are subject to the security interest of BHC and may be collected by BHC, without the consent of GLG.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BHC Capital, LLC seeks judgment in its favor and against Defendants as follows:

1. As to **Count I** of its Complaint, awarding Plaintiff damages in the amount of $5,629,753.44, together with pre- and post-judgment interest and costs as allowed by law;

2. As to **Count II** of its Complaint, awarding Plaintiff damages in the amount of $5,629,753.44, together with pre- and post-judgment interest and costs as allowed by law;

3. As to **Count III** of its Complaint, awarding Plaintiff damages in the amount of $5,629,753.44, together with pre- and post-judgment interest and costs as allowed by law;

4. As to **Count IV**, directing Defendants to provide unfettered access to the Financial Information and to deliver the same.

5. As to **Count V**, determining that the accounts receivable and other rights to payment of GLG are subject to the security interest of BHC and may be collected by BHC, without the consent of GLG.

6. Awarding Plaintiff its costs and attorney's fees against Defendants, jointly and severally.

7. Awarding Plaintiff such other and further relief as the Court deems just and equitable.

MOSS & BARNETT
A Professional Association

Dated: November 8, 2024        By /s/ Michael S. Poncin
    Michael S. Poncin (#0296417 MN)
    SDTX No: 1187762
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5000
Email: mike.poncin@lawmoss.com

ATTORNEYS FOR PLAINTIFF BROOK-HOLLOW CAPITAL, LLC

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 8th day of November, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                s/ Michael S. Poncin
                Michael S. Poncin